UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEISHA BROWN, | Case No.  2:25-cv-1422-JDP (SS) |
| Plaintiff, | |
| v. | ORDER |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 11 & 13.  For the reasons discussed below, I will grant plaintiff's motion, deny the Commissioner's, and remand for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a

1

preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On April 28, 2022, plaintiff filed an application for a period of disability and DIB, alleging disability beginning March 1, 2021. Administrative Record ("AR") 371-77. She also filed an application for supplemental security income ("SSI") on May 10, 2022. *Id.* at 379-84. Her applications were denied initially and on reconsideration. *Id.* at 209-10, 251-52. Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 40-77. On May 28, 2024, the ALJ issued a decision denying plaintiff's disability claims. *Id.* at 18-33.

Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2023.

   * * *

2. The claimant has not engaged in substantial gainful activity since March 1, 2021, the alleged onset date.

   * * *

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine and thoracic spine, obesity, depression, and anxiety.

   * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

   * * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally climb ramps and stairs; can never climb ladders, ropes, and scaffolds; can frequently balance; can occasionally stoop, kneel, crouch, or crawl; must avoid all exposure to hazards such as dangerous machinery and unprotected heights; and must have a sit/stand option for five minutes for every hour of work while remaining on task. The claimant can understand, remember, and carry out simple instructions; and cannot perform work requiring a specific production rate such as assembly line work or work requiring an hourly quota.

   * * *

6. The claimant is unable to perform any past relevant work.

   * * *

7. The claimant was born on [redacted], which is defined as a younger individual age 18-49, on the alleged disability date. The claimant subsequently changed age category to closely

3

approaching advanced age.

8.  The claimant has at least a high school education.

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs in significant numbers in the national economy that the claimant can perform

* * *

11. The claimant has not been under a disability, as defined by the Social Security Act, from March 1, 2021, through the date of this decision.

AR 21-32 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request.  AR 1-3.  She now seeks judicial review under 42 U.S.C. §§ 405(g).

**Analysis**

Plaintiff raises five arguments.  She claims that: (1) the ALJ failed to provide sufficient reasoning to discount her allegations of pain and physical dysfunction; (2) the ALJ failed to provide sufficient reasoning to discount her allegations of mental dysfunction; (3) the ALJ failed to properly evaluate the examining medical source opinion of the psychological consultative examiner, Wendy McCray, Ph.D.; (4) the ALJ failed to properly evaluate the treating medical source opinion of plaintiff's treating psychiatrist, Anne Wiltse, M.D.; and (5) the ALJ failed to carry his burden to show plaintiff was able to perform a significant number of jobs in the national economy.  ECF No. 11 at 2, 9-28.  I find plaintiff's first argument persuasive and need not consider the others.  I will, for the reasons stated below, remand this matter for additional proceedings.

Plaintiff suffers from pain in her back and lower extremities.  At the hearing before the ALJ she testified that she suffered from constant pain in her knees, feet, and back.  AR at 51-53. She stated that it was hard for her to walk or stand for long periods of time.  Id. at 51.  Plaintiff

4

also testified that she was limited in her ability to do household chores, like laundry, vacuuming, or dishes. *Id.* at 54-55.

Medical records from May 9, 2022, reflect that plaintiff rated her lower back pain at an "8" and informed her provider that the problem was "persistent." *Id.* at 631. In January 2023, she told providers that the issue was worsening. *Id.* at 758. Imaging confirmed degenerative disc disease. *Id.* at 564-65, 752. Plaintiff also took medication for the associated pain. *Id.* at 633.

To evaluate a claimant's subjective testimony, an ALJ must engage in a two-step process. First, an ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged . . . [plaintiff] need only show that it could reasonably have caused some degree of the symptom." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Second, absent evidence of malingering, an ALJ must offer "specific, clear and convincing reasons" for rejecting a claimant's testimony. *Id.* at 1014-15.

Here, the ALJ found that her impairments could reasonably be expected to cause the pain in her back and legs, but that her statements regarding the "intensity, persistence, and limiting effects" of these issues were not entirely consistent with the medical evidence and her daily activities.

In so finding, the ALJ emphasized imaging from 2019 on plaintiff's knees that "showed no acute osseous abnormality." *Id.* at 26, 566. This imaging did show moderate medial compartment joint space narrowing in both knees, however. *Id.* at 566. And back imaging taken in 2020, also acknowledged in the ALJ's decision, showed degenerative facet joints and degenerative disc disease. *Id.* at 26, 564. Imaging from 2023, also cited by the ALJ, showed "stable, mild degenerative changes" and was otherwise unchanged from the 2020 back imaging. *Id.* at 941. The ALJ has acknowledged all this imaging, but he has failed to adequately explain how it contradicts plaintiff's testimony regarding the intensity, persistence, and limitations associated with her symptoms. Taken together, the imaging presents a somewhat nebulous picture, neither so catastrophic as to obviously confirm plaintiff's testimony, nor so mild as to plainly contradict it. It is the ALJ's prerogative to interpret the evidence, but he "must identify the specific testimony that

lacks credibility, provide clear and convincing reasons why the testimony is not credible, and identify the specific evidence in the record which supports [his] determination." *Talbot v. Colvin*, No. SACV 14-1935 JC, 2015 U.S. Dist. LEXIS 134489, at *10 a (C.D. Cal. Sept. 30, 2015). The ALJ failed to do so here.

Similarly, the ALJ noted that, beginning in December 2021, plaintiff enrolled as a patient at a pain management clinic. AR at 27. He notes that she presented as obese, with moderate pain, and was referred to physical therapy. *Id.* It is not obvious, and the ALJ does not explain, why this evidence contradicts plaintiff's subjective testimony. He does note that she returned to the pain management clinic in September 2023, and, from that time through December 7, 2023 (the most recent file), her findings were without abnormality. *Id.* But many of these records persist in showing significant pain and limitations. *See, e.g.*, *id.* at 956 (noting that back pain is persistent and aggravated by bending, changing positions, and daily activities). And the pain clinic persisted in prescribing medication for plaintiff's pain, including the opiate hydrocodone. *Id.* at 953.

The ALJ also discounted plaintiff's symptom testimony because her daily activities were inconsistent with her testimony that she did not perform chores. Specifically, the ALJ noted that in September 2023 she reported caring for family members, namely her granddaughter, mother, and grandmother. *Id.* at 29. The opinion does not, however, elaborate on what this care entailed or how often plaintiff performed it. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("The ALJ must make specific findings relating to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination.") (quotation marks omitted) (alteration in original); *see also Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2019) ("Though the ALJ repeatedly pointed to Trevizo's responsibilities caring for her young adoptive children as a reason for rejecting her disability claim, the record provides no details as to what Trevizo's regular childcare activities involved . . . . Absent specific details about Trevizo's childcare responsibilities, those tasks cannot constitute 'substantial evidence' . . . .").

I note that some of the cited evidence, like the August 31, 2022 internal medical evaluation conducted by Dr. Shahid Ali, does weigh in favor of the ALJ's finding insofar as it noted normal gait, ability to perform a squat, and assessed minimal limitations. AR at 710-12. But the rejection

6

of a plaintiff's subjective testimony "must be supported by clear and convincing reasons why the claimant's testimony of excess pain was not credible, and must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995). Here, the analysis of most of the record used to discount plaintiff's testimony is flawed or incomplete. I find that remand is appropriate so that the ALJ may reassess plaintiff's subjective allegations. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler*, 775 F.3d at 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 11, is GRANTED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 13, is DENIED.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated:    July 6, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7